UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. |
| | ) | |
| v. | ) | 1:21-CR – 142-TWT-CMS |
| | ) | |
| DANIEL T. MILLER, | ) | |
|     Defendant. | ) | |

**DEFENDANT'S PRELIMINARY MOTION TO SUPPRESS SEARCH WARRANT FOR FORENIC IMAGE, CELL PHONES, DEVICES AND OTHER EVIDENCE**

COMES NOW the Defendant, Daniel Miller (hereinafter "Miller"), by and through undersigned counsel, and pursuant to Fed. R. Crim. P. 12(b)(3)(c) and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and hereby moves this Court for an evidentiary hearing, and an order suppressing all evidence of any kind – any physical evidence, alleged contraband, statements, identification, and testimony allegedly seized by law enforcement officers on or about April 16, 2021.

    As grounds therefore, Miller alleges that the search of a forensic image of his iPhone 12 Pro Max, and the three cell phones, one electronic tablet and laptop seized from his residence, and the seizure of items of data, files, messages, photos, and other information from them were improper, illegal, and without probable cause, in violation of Defendant's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in the following particulars:

**I. Facts**

1. Sometime in the summer to fall of 2020, Miller became the subject of an investigation by the DEA following a tip from a confidential "Source of Information (SOI)."

1

2. In late 2020, DEA Task Force Officers began physical surveillance of locations where Miller was known to reside. They observed no criminal activity of his.

3. On January 15, 2021, Miller, his passenger, and his vehicle were subject to visual surveillance by Homeland Security Investigators and pulled over in a traffic stop by Cobb County police who conducted an illegal search. Alleged contraband and firearms were seized.

4. Subsequent to Miller's arrest and search, Ofc. J.R. Israel obtained a Search Warrant No. 21-SW-000096 on January 25th, 2021 from the Magistrate Court of Cobb County to search Miller's iPhone 12 Pro Max cell phone that was stored with his other property at the Cobb County Adult Detention Facility.

5. On April 16, 2021, Special Agent Bennie Bryant, Jr. submitted an application and affidavit to a Magistrate Judge and obtained a search warrant for a forensic image of the same iPhone 12 Pro Max cell phone that was originally seized by Cobb County.

6. The Search Warrant of Miller's iPhone 12 Pro Max cell phone is defective in the following particulars:

    1) The warrant lacks sufficient probable cause for the search of his cell phone.

    2) The warrant is unreasonably overbroad and amounts to an illegal general warrant.

    3) The Warrant fails to describe a nexus of illegal activity to the records sought to be searched.

    4) There was an impermissible delay in law enforcement obtaining the warrant.

7. The same day, Agt. Bryant also submitted an affidavit and application for a search warrant for five electronic devices seized from Miller's residence during an execution of a search warrant at 3720 Walton Riverwood Lane, Apt. 1018, Atlanta. These

devices include a black Samsung Galaxy M51 128GB cell phone; a black T-Mobile Android Revv14 Plus 64 GB cell phone; a black iPhone 8-Plus 64GB cell phone; a Pink Samsung Galaxy Tablet S6 Lite; and a black Dell XPS Laptop model P73F.

8. The affidavits refer to a confidential source who accuses Miller of sexually assaulting her.

9. The search warrant of Miller's 5 electronic devices is defective in the following particulars:

   1) The Warrant lacks sufficient probable cause for the search of his 5 listed devices.

   2) The Warrant is unreasonably overbroad and amounts to an illegal general warrant.

   3) The Warrant fails to describe a nexus of illegal activity to the records sought to be searched.

   4) There was an impermissible delay in law enforcement obtaining the warrant.

10. Movant anticipates that items of data seized from his cell phone will be introduced by the State in any trial of this matter.

11. For the reasons stated herein, this Court should find the warrant was invalid on its face and suppress the improperly obtained evidence from trial. Further, because the warrant was not supported by probable cause, failed to describe with particularity the items to be seized, provided no nexus of illegal activity, and was stale, the warrant was defective. All evidence seized, and any evidence obtained as a result, should be suppressed.

## II. Argument

12. These warrants contained information obtained from several confidential informants in support of probable cause to search these items. In considering whether there's

enough probable cause to issue a warrant based on information from a Confidential Informant, the U.S. Supreme Court in *Illinois v. Gates* held that courts should engage in analyzing "the totality of the circumstances" as they exist at the time of the arrest. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Some of the relevant considerations included within the totality of the circumstances including the informant's 'veracity', his 'reliability', and his 'basis of knowledge.' *Illinois v. Gates*, 462 U.S. at 244-246, *United States v. Brundidge*, 170 F.3d 1350 (11th Cir. 1999). Allegations from an informant about Miller were not substantially corroborated prior to his illegal traffic stop on January 15, 2021 by law enforcement. The informers relied upon by the government were not proven to be truthful and reliable. Moreover, any evidence obtained as a result is tainted by the illegality of the initial illegal search and seizure of his vehicle and subsequent search of his apartment and must be excluded. *Wong Sun v. United States*, 371 U.S. 471, 487-488. (1963); *United States v. Gaines*, 918 F.3rd 793, 802 (10th Cir. 2019). The information provided by the Confidential Sources fails the totality of the circumstances test and cannot support the probable cause for the warrant.

13. Under the Fourth Amendment "no Warrants shall issue, but upon probable cause…" The warrant and affidavit "must provide the magistrate with a substantial basis for determining the existence of probable cause…" *Illinois v. Gates*, 462 U.S. 213, 239 (1983). Probable cause exists "'when the totality of the circumstances allows a conclusion that there is a fair probability of finding contraband or evidence at a particular location.'" *United States v. Williams*, 162 Fed.Appx. 884 (11th Cir. 2006) quoting *United States v. Brundidge,* 170 F.3d at 1352. The affidavits were not

supported by probable cause.  The facts described within the warrants did not provide the magistrate with a substantial basis to determine probable cause existed to seize the iPhone 12 and 5 electronic devices belonging to Movant.

14. The search of a cell phone "…would typically expose to the government far *more* than the most exhaustive search of a house." <u>Riley v. California</u>, 573 U.S. 373, 396 (2014). The Fourth Amendment requires law enforcement to get a warrant to search the contents of a cellphone seized incident to an arrest. <u>Riley</u>, 573 U.S. at 403. As cell phones contain "a digital record of nearly every aspect of [the owners'] lives- from the mundane to the intimate," a much more pervasive scrutiny of one's life is implicated than a search of a physical premises. <u>Id</u> at 395. Furthermore, the types of data stored on a cell phone are different both in terms of quantity and quality from the kinds of physical data stored in someone's household and separate probable cause is required for each category of data to be searched. <u>Id</u>. The affidavits for these warrants fail to describe the probable cause for each of the separate listed categories of data to be searched. Instead, the government spends several pages describing video files of a sexual nature that are completely irrelevant to the investigation that led to the charges in the indictment and listed in the warrants. The government also describes forensic tools that can be used to recover files that have been deleted. The government does not specify what files or applications it seeks to search, despite having received information from one confidential source about a specific application Miller was alleged to have used. Without such a probable cause showing, the warrants must fail, and any evidence seized as a result suppressed.

15. A warrant must describe the evidence it seeks with particularity, and a warrant that is obviously deficient in its description will be invalid and the search based upon it will be considered a warrantless search. _Groh v. Ramirez_, 540 U.S. 551 (2004). The Government took a shotgun approach to drafting the search warrants for Movant's forensic cell phone image and electronic devices as they describe their method of forensic examination of the items meant to search the entirety of the contents of each device to capture potentially all the information available in the devices limited only by the date it was manufactured. The exact language for the scope of the warrants is the same for each one and incorporates language from the affidavit and attachments which reads:

> "As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when." "Data on the storage medium that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file." "computer files" "electronically stored information" which includes "things viewed on the internet," "Swap" or "Recovery" files," "operating system configurations," "file system data structures," "web browsers," "email programs," "chat programs," "online nicknames and passwords," "operating systems," "times the computer was in use," "dates that files were created," and "user attribution evidence." "The warrant I am applying for would permit the examination of the device…including but not limited to computer-assisted scans of the entire medium." "[A]ll bank records, checks, credit card bills, account information, and other financial records." "[P]honebooks, saved usernames and passwords, documents, and browsing history."

The privacy implications that arise from "computer assisted scans of the entire medium," "[d]ata on the storage medium that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file," as well as the " browsing history" are unprecedented in our history and led the U.S. Supreme Court to

require a warrant supported by probable cause to obtain cell site location information from wireless carriers. *Carpenter v. U.S.*, 138 S. Ct. 2206, 2217 (2018). Law enforcement neglected to include any time limitation for the seizure of data in Miller's cell phones and devices. The lack of a time limitation on the warrants in this case for the devices which contain such time-stamped data that allows the government the kind of "tireless and absolute surveillance" discussed in *Carpenter*, only enhances the warrant's general character, and is an unreasonable intrusion into Miller's privacy. These warrants fail to articulate any probable cause for the open-ended and unlimited timespan as well as the breadth and depth of data for the search described above and are a per se unreasonable intrusions into his privacy. Any information obtained as a result must be suppressed.

16. The architects of the U.S. Constitution included the Fourth Amendment in part to stop the kind of general warrants that allowed British officials to rummage through one's home and belongings including one's papers without restraint. *Carpenter*, 138 S. Ct. at 2213. "A general order to explore and rummage through a person's belongings is not permitted. The warrant must enable the searcher to reasonably ascertain and identify the things which are authorized to be seized" *U.S. v. Cook*, 657 F.2d 730, 733 (5th Cir. 1981); see also *U.S. v. Morton*, 984 F.3d 421 (5th Cir. 2021). These search warrants allow the government to rummage through the entirety of Movant's devices and to receive a forensic copy of everything in Miller's iPhone 12 to search without restraint to find something, anything they can claim incriminates him.

17. Furthermore, there is no nexus between the investigation and the cell phones and devices specified in the warrants. "The Fourth Amendment requires that a search

warrant be issued only when there's probable cause to believe that an offense has been committed and that evidence exists at the place for which the warrant is requested." *United States v. Betancourt*, 734 F.2d 750, 754 (11th Cir. 1984) (citing *Zurcher v. Stanford Daily*, 436 U.S. 547, 558 (1978)). For a court to find probable cause for a search there must be a nexus between the alleged crime and the premises or items to be searched. *United States v. Joseph*, 709 F.3d 1082 (11th Cir. 2013). The facts described in the affidavits do not provide the magistrate with a substantial basis that criminal activity was accomplished utilizing Miller's cell phones and devices. The warrants fail to show a substantial link between the criminal activity alleged and the devices to be searched. Therefore, all evidence derived from Movant's devices should be suppressed from evidence at trial.

18. Finally, under the Fourth Amendment, a search can be rendered unreasonable by a delay by law enforcement in obtaining a warrant. *United States v. Mitchell*, 565 F.3d 1347, 1350 (11th Cir. 2009) The phones and devices seized under this warrant are mini computers, containing "personal letters, emails, financial information, passwords, family photos, and countless other items of a personal nature in electronic form on their computer hard drives." *Id.* at 1351. The court in *Mitchell* considered three weeks to be a "significant interference with Mitchell's possessory interest," which interest was "substantial" and finding that "there was not compelling justification for the delay." *Id.* The court ultimately concluded that "the delay in obtaining a warrant was not justified" and reversed the judgement of conviction and remanded it back to the trial court in a child porn case. *Id,* at 1353. The government's investigation of Miller goes back to mid-2020 and they were well aware of his traffic

stop on January 15, 2021 where his iPhone 12 Max Pro was seized as well as the search of his apartment on March 15, 2021 where the 5 devices described in the second warrant above were seized. Law enforcement's delays of three months in obtaining a search warrant for Movant's cell phone and one month in obtaining a search warrant for the 5 devices were unjustified and unreasonable and affected Movant's substantial possessory interest in the items and any evidence obtained must be suppressed.

WHEREFORE, Movant respectfully requests that this Court grant an evidentiary hearing and suppress the improperly obtained evidence against him in this case.

This 3 day of November, 2022.

    Respectfully submitted,

    /S/ Bruce Harvey_____
    LAW OFFICES OF BRUCE S. HARVEY
    ATTORNEYS FOR DEFENDANT
    Bruce S. Harvey, #335175
    bruce@bharveylawfirm.com
    Jamie Roberts, #608590
    jamie@bharveylawfirm.com

146 Nassau St.NW
Atlanta, GA 30303
(404) 659-4628 office
(404) 681-3953 fax

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. |
| | ) | |
| v. | ) | 1:21-CR – 142-TWT-CMS |
| | ) | |
| DANIEL T. MILLER, | ) | |
|     Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I certify that I served a copy of the foregoing *Defendant's Preliminary Motion To Suppress Search Warrant For Forensic Image, Cell Phones, Devices, And Other Evidence* on opposing counsel by facsimile transmission, electronic delivery, by hand delivery, or by depositing a copy of the same in the United States Mail with sufficient postage thereon, addressed as follows:

Cal Liepold, AUSA
75 Ted Turner Dr.
Atlanta, Georgia 30303

This 3 day of November 2022.

Respectfully submitted,

/S/ Bruce Harvey_____
LAW OFFICES OF BRUCE S. HARVEY
ATTORNEYS FOR DEFENDANT
Bruce S. Harvey, #335175
bruce@bharveylawfirm.com
Jamie Roberts, #608590
jamie@bharveylawfirm.com

146 Nassau St.NW
Atlanta, GA 30303
(404) 659-4628 office
(404) 681-3953 fax